**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

Eastern District of Kentucky
**F I L E D**

MAR 0 4 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 5:21-cr-85-DCR**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                         **BINDING PLEA AGREEMENT**

**CHRISTOPHER BRIAN GOODWIN**                              **DEFENDANT**

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1, 5, 6, and 11 of the Indictment, charging violations of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, and 18 U.S.C. § 2243(b), Sexual Abuse of a Ward. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2-4, 7-10, and 12-13. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence.  Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2.  The essential elements of Count 1, 18 U.S.C. § 242, are:

     (a)  the Defendant acted under color of law;

     (b) the Defendant deprived the victim of a right secured or protected by the Constitution or the laws of the United States;

     (c)  the Defendant did these acts willfully; and

     (d) that the victim suffered bodily injury as a result of the Defendant's acts charged.

3. The essential elements of Counts 5, 6, and 11, 18 U.S.C. § 2243(b) are:

    (a) the Defendant engaged, or attempted to engage, in a sexual act with another person who was in official detention and was under the custodial, supervisory, or disciplinary authority of the Defendant;

    (b) the act occurred in a Federal prison; and

    (c) the Defendant did so knowingly.

4. As to Counts 1, 5, 6, and 11, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) All of the acts described below occurred at the Federal Medical Center Lexington (FMC Lexington), a Federal Prison located within the Eastern District of Kentucky.

    (b) At all times relevant to the Indictment, the Defendant was employed as a correctional officer through the Bureau of Prisons (BOP) at FMC Lexington. As such, the Defendant was responsible for the safety, health, and well-being of persons detained by, or in the custody of FMC Lexington.

    (c) B.A., T.M., L.D., and L.M. are all women who were in official detention and under the Defendant's custody, supervision, and disciplinary authority at the time the Defendant committed the offenses described herein upon each individual inmate, respectively.

    (d) In or about September 2019, the Defendant grabbed B.A.'s arm as she attempted to exit the union office space on the second floor of the A building and placed himself between her and the door so he could monitor the hallway through a window. The Defendant knowingly put his penis in B.A.'s mouth against her will. The Defendant turned B.A. to face away from him, disrobed B.A., then knowingly penetrated B.A.'s vagina with the Defendant's penis from behind, thereby causing B.A. to have sexual intercourse with him without her consent. The Defendant knew there were no cameras in the vicinity. The Defendant's actions caused physical pain to B.A. resulting in bodily injury. The Defendant deprived B.A. of her Constitutional right not to be subjected to cruel and unusual punishment by committing these acts.

(e) On more than one occasion between May and September 2019, the Defendant knowingly touched the breasts, buttocks, and groin area of T.M. with his hands over her clothes.  On one occasion in August or September of 2019, the Defendant caused his penis to contact T.M.'s mouth with the knowledge that this was unlawful.

(f) On more than one occasion between July and September 2019, the Defendant knowingly touched the breasts and buttocks of L.D. with his hands over her clothes.  On one occasion in August or September of 2019, the Defendant caused his penis to contact L.D.'s mouth with the knowledge that this was unlawful.

(g) On two separate occasions in April or May 2019, the Defendant knowingly touched the breast and buttocks of L.M. with his hands over her clothing. On one occasion in April or May of 2019, the Defendant caused his penis to contact L.M.'s mouth with the knowledge that this was unlawful.

5.  The maximum statutory punishment for Count 1 is imprisonment for 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The maximum statutory punishment for Counts 5, 6, and 11 is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.  A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6.  The United States and the Defendant agree to the following specific sentence, which binds the Court upon acceptance of this plea agreement:

(a)  The Defendant's sentence of imprisonment shall be 135 months.

7.  The parties agree B.A., T.M., L.D., and L.M. are victims entitled to restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.  No agreement exists regarding restitution amounts; however, the parties agree that restitution will be

ordered in an amount to be determined by agreement of the parties, at sentencing, or a restitution hearing.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. No agreement on a term of supervised release exists.

10. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

11. The Defendant will not claim consent as a mitigator with respect to any victim named above in any hearing or proceeding in this criminal action.

12. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

13. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

4

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15.   The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

16.  If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17.  This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

18.  This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19.  The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date:  ___February 9, 2022___        By:  ___/s/ _____
                                           Tashena A. Fannin
                                           Assistant United States Attorney

Date: *March 4, 2022*

Christopher Brian Goodwin
Defendant


Date: *March 4, 2022*

Dan Carman
Attorney for Defendant

7