Eastern District of Kentucky
**F I L E D**
MAR 04 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 21-085-DCR |
| ) | |
| V. ) | |
| ) | **SENTENCING ORDER** |
| CHRISTOPHER BRIAN GOODWIN, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

It is hereby **ORDERED** as follows:

(1) Sentencing proceedings in the above-styled action are assigned for **Friday, June 10, 2022**, beginning at the hour of **1:00 p.m.**, at the United States Courthouse in Lexington, Kentucky.

(2) As soon as practical following the plea hearing, counsel for the defendant, the Assistant United States Attorney and the Probation Officer responsible for preparation of the Presentence Investigation Report ("PSR") shall meet, either in person and/or by telephone or video conference for the purpose of identifying relevant facts to be included in the PSR and discussing relevant provisions of the United States Sentencing Guidelines which may affect the defendant's guideline range for imprisonment, fine and other matters relevant to the ultimate sentence to be imposed by the Court.

(3) The Defendant and defense counsel shall schedule an interview with the Probation Officer within one week of the entry of a plea with the actual interview to occur not

1

later than three weeks from the date of the entry of a plea. It shall be the responsibility of defense counsel to contact the Probation Office to determine the time and place of the interview, unless counsel's attendance is waived.

(4)     Not less than thirty-five days prior to the date of the sentencing hearing, the Probation Officer shall provide a copy of the PSR to the parties' counsel. Within fourteen days thereafter, counsel shall submit, by letter, all objections to the PSR to the Probation Officer and opposing counsel. After receiving objections, the Probation Officer shall conduct a meeting with counsel, investigate the matters of concern and, if warranted, revise the PSR accordingly.

(5)     Not less than ten days prior to the sentencing hearing, the Probation Officer shall submit the PSR to the undersigned. The PSR shall be accompanied by an addendum setting forth all unresolved objections and the Probation Officer's comments regarding any objections. A copy of the revised PSR, together with the addendum, shall be mailed to counsel.

Pursuant to Rule 32(e)(3) of the Federal Rules of Criminal Procedure, the Probation Officer shall not disclose to anyone other than the Court the Officer's recommendation regarding the sentence to be imposed in the case.

(6)     **No less than ten days prior to the sentencing hearing, the Defendant shall file in the record any request for relief pursuant to 18 U.S.C. §3553(a)(2), together with a supporting memorandum.** The Defendant shall serve a copy of the motion and memorandum on the United States and shall forward a copy to the Court's chambers by e-mail at *reeves_chambers@kyed.uscourts.gov*. **Unless good cause is shown, the Court will not consider untimely motions.**

(7) **Not less than ten (10) days prior to the sentencing hearing, the parties shall file a memorandum brief in support of their respective positions on any unresolved objections to the PSR.**

(8) With the exception of the matters set forth in the addendum, the revised PSR shall be accepted as accurate. The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing. In resolving the disputed issues of fact, all reliable information shall be considered.

(9) The time set forth in this Order may be modified for good cause shown, except that the thirty-five day period provided for disclosure of the PSR pursuant to Fed. R. Crim. P. 32(e)(2) may be diminished only with the Defendant's consent.

(10) Nothing in this Order requires disclosure of any matter exempt from disclosure by virtue of Fed. R. Crim. P. 32(i)(1)(B) and (d)(3).

(11) The PSR will be deemed disclosed:

    (a) When the report is physically delivered to counsel;

    (b) One day after the report's availability is orally communicated to counsel; or

    (c) Three days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(12) The disclosure of the PSR to the Defendant shall be the responsibility of the defendant's attorney.

(13) Following the sentencing hearing, the Probation Officer shall retain the PSR in the probation office file. In the event of an appeal, the U.S. Probation office will file a copy of the report, under seal for inclusion in the record on appeal. If an appeal is taken, the Clerk

of the Court shall place the PSR in the record under seal and flagged "CONFIDENTIAL PRESENTENCE INVESTIGATION REPORT TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT". At the same time, the Probation Officer shall provide a copy of the sentencing recommendation and any other information submitted to the Court pursuant to Criminal Rule 32(e)(3) to the clerk, who shall place all Rule 32(e)(3) information under separate seal flagged: "CONFIDENTIAL RULE 32(e)(3) INFORMATION. NOT TO BE DISCLOSED TO THE PARTIES. TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT."

(14)   These SEALED matters (PSR & Rule 32(e)(3) Information) will be maintained in the record for a period of one year after the mandate has been issued regarding all direct appeals and then will be returned to the United States Probation Office at Lexington, Kentucky, unless otherwise ordered by the Court.

(15)   In addition, the plea agreement will be maintained in the record for a period of one year after the mandate has been issued regarding all direct appeals and then will be returned to the United States Attorney's Office at Lexington, Kentucky, unless otherwise ordered by the Court.

Dated: March 4, 2022.

DANNY C. REEVES, CHIEF JUDGE
UNITED STATES DISTRICT COURT