UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:21-CR-85-DCR

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.        **UNITED STATES' SENTENCING MEMORANDUM AND
              REQUEST FOR RESTITUTION HEARING**

CHRISTOPHER BRIAN GOODWIN                                                        DEFENDANT

\* \* \* \* \*

The United States of America, through counsel, submits this recommendation concerning the sentence of the Defendant, Christopher Brian Goodwin, pursuant to sentencing factors and in light of the final Presentence Investigation Report (PSR). The United States previously requested the Court accept a binding plea agreement and maintains that request. In agreeing to a binding plea, the United States considered the factors set forth in title 18 U.S.C. § 3553, the Mandatory Victim Restitution Act of 1996 (MVRA), and Justice for Victims of Trafficking Act of 2015 (JVTA) and previews these below in advance of the scheduled sentencing hearing.

On March 4, 2022, the Defendant entered a guilty plea to Counts 1, 5, 6, and 11 of the Indictment, charging one violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, and three violations of 18 U.S.C. § 2243(b), Sexual Abuse of a Ward. Due to an error in the applicable term of supervised release in the original agreement for Counts

5, 6, and 11, the Defendant appeared before the Court on May 27, 2022, to acknowledge and accept a corrected potential term of supervised release, and the amended binding plea agreement was entered for the Court's consideration. [DE 37: Amended Binding Plea Agreement]. The facts before the Court are cabined in the plea agreement, the PSR, and information put forth through counsel on behalf of victims and the Defendant.

### Accurate Advisory Sentencing Guidelines Calculation in PSR

The United States Supreme Court held that courts "must consult these Guidelines and take them into account when sentencing" although the Sentencing Guidelines are advisory in nature. *United States v. Booker*, 543 U.S. 220, 264 (2005). The Supreme Court has also emphasized that a district court must begin its sentencing proceedings by correctly calculating the applicable sentencing range to serves as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Here, the advisory Sentencing Guidelines calculation yields a recommendation of 168 to 210 months in prison for the Defendant, and no substantive objections to this calculation or the PSR were filed. Although this calculation is correct, the United States adheres to its proposed sentence of 135 months, as agreed to in the amended binding plea agreement before the Court.

### 18 U.S.C. § 3553 and the Appropriate Sentence

A substantial sentence is needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). With these felonies the Defendant will be precluded from having access to incarcerated women in any capacity as a BOP officer

moving forward. However, if anything can deter similar conduct in some other future capacity, a substantial prison sentence can. *Flores v. County of Los Angeles*, 758 F.3d 1154, 1160 (9th Cir. 2014) ("If the threat of prison time does not sufficiently deter sexual assault, it is not plausible to assume that a specific instruction not to commit sexual assault will provide such deterrence."). A significant prison sentence may deter both the defendant specifically and hopefully law enforcement more generally. *See United States v. McQueen*, 727 F.3d 1144, 1144 (11th Cir. 2013) (declaring that the need for "general deterrence is especially compelling in the context of officials abusing their power"). Corrections officers have a Constitutional obligation to protect inmates in their custody. The defendant failed to meet that obligation in one of the most violative ways possible. It is in the interest of other inmates and corrections officers alike to know that when a corrections officer violates that oath and the law, there will be serious consequences. A substantial sentence of over ten years will send that message to the defendant's former colleagues, and law enforcement officers elsewhere, to respect the basic human dignity of inmates protected by the Constitution, as well as take victims' complaints seriously. *See* 18 U.S.C. § 3553(2)(B).

  Law enforcement officers occupy positions that "provid[e] the freedom to commit a difficult-to-detect wrong." *United States v. Cui*, 106 F.3d 409 (9th Cir. 1997) (quoting *United States v. Hill*, 915 F.2d 502, 506 (9th Cir. 1990)). There are few crimes more difficult-to-detect than sexual assault, when there are rarely independent witnesses, and the case is heavily reliant on the victim's credibility. This is compounded in the prison

context, where a victim's credibility is under attack from the outset by virtue of her status as a convict. Those who abuse their power know and rely on this. Those who are victimized likewise know they are likely not to be believed over a law enforcement officer, particularly when there is no other evidence to corroborate their account. In this case, victims indicated the defendant often verbalized the fact that no one would believe the female inmates over him. A substantial sentence demonstrates that offenders cannot rely on the power of their position or their victim's vulnerabilities to skirt accountability. While these crimes may be difficult-to-detect, this recommended sentence will show that a victim's account is evidence, it will be taken seriously, an investigation will ensue, and where appropriate, punishment will follow. General deterrence and the promise of punishment for similarly situated defendants is a key factor in the United States' sentencing recommendation in this case.

A substantial sentence is needed is "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). According to the PSR, the Defendant served honorably in the United States Army and had a clean record before these assaults. But once in a position of authority over women, he exploited his power as a law enforcement officer to sexually assault the victims throughout a six-month period. This Defendant's personal history inures to his benefit and the United States hopes and expects that getting caught, convicted, and sentenced to the term of imprisonment proposed, will deter any future misconduct of this particular Defendant.

The United States, by way of negotiating the terms of the plea agreement, agreed to a term of imprisonment which amounts to a variance equivalent to a 2-point credit on the base offense level for Count 1.  The United States' primary reason for accepting this term of imprisonment is rooted in steady and clear victim input which, although provided independently by each victim, collectively resounded in strong opinions against ever being in the same room with the Defendant.  Second, the United States considered the dissonance between the United States Sentencing Guidelines and the statutory maximum for Count 1, the Defendant's most egregious offense, as captured in his admissions in the amended binding plea agreement.  *See* DE 37.  While the statutory framework accounts for a three-tiered approach to sexual assault crimes, the sentencing guidelines only have a single base-offense level of 30 as a starting point – even if the assault resulted in the violent death of a victim (which is not the case here).  The United States' position is that this case calls for a more balanced approach, in the interest of justice, given the gap between the Sentencing Guidelines and the statutory framework.

This approach comports with the underlying premise behind 18 U.S.C. 3553(b): "the court shall impose a sentence of the kind, and within the range . . . unless the courts finds that there exists [a] . . . mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  In this case, the Sentencing Guidelines lump ALL varieties and degrees of sexual assaults into 2A1.1 by cross reference, which creates this dissonance between the degrees of violations that

Congress delineated in the 18 U.S.C. § 242 statute itself. Because the facts supporting Count 1 – as agreed to by the Defendant – support a bodily injury sexual assault, the term of imprisonment for the Defendant's crime should not exceed 10 years for this offense. Furthermore, the facts supporting the bodily injury charge, while undeniably serious, are not in the upper end of the "bodily injury" spectrum.

The Sentencing Guidelines allows for the imposition a six-level enhancement for crimes committed under color of law. *See* U.S.S.G. § 2H1.1. This same factor is an element of the 18 U.S.C. § 242 offense. While it may not be double-counting, this was also taken into consideration by the United States when determining the binding term of imprisonment proposed in the plea. Undoubtedly, the Defendant's abuse of his position of trust "under color of law" should drive up his sentence given the aggravating effect on the nature and seriousness of the offenses it presents. The fact that the Defendant sexually assaulted multiple women while acting in his authority as a corrections officer also makes his conduct that much more abhorrent. *See States v. Thames*, 214 F.3d 608, 614 (5th Cir. 2000) ("A defendant's status as a law enforcement officer is often times more akin to an aggravating as opposed to a mitigating sentencing factor, as criminal conduct by a police officer constitutes an abuse of a public position."). *See also United States v. LaVallee*, 439 F.3d 670, 708 (10th Cir. 2006) ("in many instances, committing a crime while acting under color of law will result in a higher sentence… rather than a lower sentence.").

While the guideline calculation for Count 1 is significantly higher and therefore controls the sentencing exposure as explained in the PSR, the properly calculated guideline range of imprisonment for the remaining counts is 14, which yields an imprisonment range of 15-21 months, pursuant to U.S.S.G. § 2A3.3. However, the statutory maximum imprisonment is 15 years for this offense, which is significantly higher than that of Count 1. The United States factored these offenses into the term of imprisonment proposed based upon all known facts and within the totality of relevant circumstances.

The nature and circumstances of all the offenses to which the Defendant has pleaded guilty are egregious. The facts to which the Defendant pleaded guilty with respect to Count 1 alone are, on their face, repulsive and fear-invoking. The 2243(b) offenses in Counts 5, 6, and 11 to which the Defendant has pled guilty are also egregious given the facts that he penetrated the victims' mouths with his penis, without their consent, grabbed smacked and touched their erogenous zones routinely, and coupled his physical contact with verbal sexual taunts for months. The underlying facts of those three offenses involving three different victims is strikingly similar. It is clear from the sequence of events that the Defendant's misconduct grew more brazen as time passed and only a higher authority and the reality of punishment could correct his path. The victims are all women who were in the process of overcoming significant personal hurdles and were building skills and serving their own terms of incarceration for non-violent drug-related crimes. Their honest service of punishment and promise of rehabilitation is

stained forever and they each have expressed how the damage and shame caused by one man's crimes has hurt and jaded them. Taking all variables into account, and after multiple consultations with the victims, only then did the United States agree to a 135 month total term of imprisonment, to account for the totality of the Defendant's misconduct while also individually accounting for his historical characteristics and individual actions with respect to each victim.

18 U.S.C. § 3553(a)(6) notes, as another factor for district courts to consider, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." A sentence of 135 months imprisonment will not create a disparity in sentencing. Although the list does not purport to be exhaustive, the United States highlighted a sampling of similar cases on pages four and five of the Bench Memorandum previously filed. [DE 30: USA Bench Memorandum]. Additionally, a factually similar case with respect to Count 1 in the subject case is *Mullings v. United States*, 2020 WL 6393014 (E.D.N.Y. Nov. 2, 2020) (2255 opinion). Mullings was a corrections officer who was supervising an inmate while she was waxing the prison floor. Mullings grabbed her, restricted her movement, and vaginally penetrated her with his penis. Mullings pleaded guilty to one count of 18 U.S.C. § 2243(b), and his advisory guidelines range was 12 to 18 months in prison. The court varied upward and sentenced Mullings to 84 months in prison, and the Second Circuit affirmed the sentence as substantively reasonable. *United States v. Mullings*, 713 F. App'x 46, 47 (2d Cir. 2017).

## Special Assessment and Fine

The JVTA currently applies to Counts 5, 6 and 11 in this case and is effective for such offenses through September 11, 2022. In relevant part the statute reads: "[I]n addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under. . .chapter 109A." 18 U.S.C. § 3014.  18 U.S.C. § 2243(b) offenses fall under Chapter 109A of title 18 U.S.C. which begins at § 2241 and continues through § 2248. Based on paragraph 67 of the PSR, the Defendant was not found to be indigent. Accordingly, the United States recommends the Court apply this mandatory additional special assessment upon the Defendant.

The United States recommends applying a fine in this case. Pursuant to 18 U.S.C. § 3571(b)(3) a fine of up to $250,000 may be adjudged. The parties did not include a reference to a fine or agree upon one for plea purposes; however, the United States recommends a fine of at least $40,000.00 in this case. The Defendant has assets and earned a salary in his federal position, which gave him access to these victims during the relevant time he committed these crimes. A fine for his violations is authorized and warranted.

## Restitution

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense." The victims have been advised of their rights to claim restitution. Two victims need time to complete a professional assessment (outside of the BOP) to determine the financial impact of the Defendant's actions upon them. Three have made clear representations that they

9

intend to make a claim for restitution and have taken steps to do so; however, no written claim has been made by any victim nor has any victim provided a written victim impact statement. Two of the victims have only recently been released and are actively seeking care and counsel for harm directly and proximately caused by the Defendant, but avoided seeking such treatment from BOP staff for myriad reasons while incarcerated. For example, B.A.'s release date is now June 8, 2022 and she already has a telephonic appointment with a care provider scheduled. Based on continuing conversations with victim advocates, these victims do have costs that can and will be substantiated with some additional time to complete assessments and allow for the turnover of all records – the opportunity for which has been limited due to their staggered individual transition timelines post-incarceration. In order to justify any claim the United States must evidence costs to the victim. In short, the victims have not been able to provide documentation with sufficient specificity to date.

Pursuant to 18 U.S.C. § 3664(d)(5), the Court must determine restitution within ninety days of sentencing the Defendant. Since the United Sates has been notified by victims of their intent to evidence and enter claims of restitution, the United States respectfully requests this Court bifurcate the matter and set a hearing for approximately 90 days from the date of this filing. If the sentencing court misses the 90-day deadline, it does not forfeit power to order restitution if the court makes clear it will order restitution without specifying an amount within ninety days. *Dolan v. United States*, 560 U.S. 605, 607–08 (2010). The parties have already agreed that the victims of the Defendant's misconduct are entitled to restitution pursuant to the MVRA but the need to substantiate the specific costs

the victims incurred remains incomplete. The United States respectfully requests the Court to permit this memorandum to be the equivalent of notice required by 18 U.S.C. § 3664.[1]

## Conclusion

The United States considered the statutory framework and maximums, the sentencing guidelines, comparable cases across the nation, the Defendant's acceptance of responsibility and prompt willingness to accept responsibility, the factors in 18 U.S.C. § 3553, and the interests and support of the victims in fact and under the JVTA and MVRA. For all of these reasons, and those previously stated in the United States' Bench Memorandum at DE 30, the United States recommends a sentence of 135 months imprisonment is sufficient but not greater than necessary to account for the Defendant's crimes based upon all facts known to the United States. A fine of at least $40,000 subject to the priority of payment by the Defendant to the victims for any restitution is proper, and a special assessment of $5,000 under 18 U.S.C. § 3014 should be included in the judgment.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

---

[1] 18 USC 3664(d)(5) specifies that if victim's losses are not ascertainable 10 days prior to sentencing, the Government or probation must notify the court and the court shall set a follow on hearing date to resolve the matter. The Government and probation have been in communication about restitution all knowing the victims have been contacted and restitution claims have been anticipated. The Government fully anticipated to have a firm number by the week of this filing. It is clear, as of today, that the victims simply need more time to adequately substantiate their claims or they will lose out on their right to present their claims entirely. Since the Government has missed the 10-day notice, the Government respectfully asks the Court to exercise its discretion in setting a future hearing for determine restitution.

By:   /s/ *Tashena A. Fannin*
Tashena A. Fannin
Kate K. Smith
Assistant United States Attorneys
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4829
(859) 685-4855
FAX (859) 233-2747
tashena.fannin@usdoj.gov
kate.smith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System and sent a copy to counsel of record.

/s/ *Tashena A. Fannin*
Assistant United States Attorney