UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 21-085-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTOPHER GOODWIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Christopher Goodwin has filed a *pro se* motion for compassionate release and requests that counsel be appointed to assist him in seeking relief. [Record No. 69] However, Goodwin's circumstances do not justify the appointment of counsel. Further, Goodwin has failed to identify any extraordinary or compelling reason warranting a sentence reduction and the factors of 18 U.S.C. § 3553(a) do not support granting the relief requested.

## I. Background

Goodwin is a former Bureau of Prisons ("BOP") correctional officer employed at Federal Medical Center Lexington who repeatedly sexually assaulted four female inmates during his employment. [Record No. 37, p. 3.] He pleaded guilty to deprivation of civil rights under color of law and three counts of sexual abuse of a ward. *See* 18 U.S.C. §§ 242, 2243(b). The remaining nine counts (including aggravated sexual abuse by force or threat, abusive sexual contact, and providing contraband to prisoners) were dismissed. [Record No. 40]

Goodwin entered a guilty plea pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure which included a binding sentence of incarceration of 135 months. [Record No. 37]

- 1 -

Although the guidelines range for incarceration was calculated as 168 to 210 months, the Court accepted the parties' proposed Plea Agreement and sentenced Goodwin to imprisonment for 135 months.   [Record No. 62, pp. 5, 30.]   Goodwin initially appealed the sentencing determination to the United States Court of Appeals for the Sixth Circuit, but later dismissed his appeal because "there [were] no viable appellate issues which survive[d his] appellate waiver."  Motion to Dismiss Voluntarily at 3, *United States v. Christopher Goodwin*, No. 22-5556 (6th Cir. Nov. 16, 2022).   He now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II.  Appointment of Counsel

There is no constitutional or statutory right to counsel in compassionate release proceedings.  *See*, *e.g.*, *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). The Court, however, "retains discretion to appoint counsel in 'exceptional circumstances.'" *United States v. MacLloyd*, Nos. 21-1373/1447, 2021 WL 5263594, at *3 (6th Cir. Sept. 20, 2021) (unpublished order) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). But Goodwin does not cite any exceptional circumstances warranting the appointment of counsel.  Instead, he proffers straightforward arguments like those frequently asserted by *pro se* defendants in countless other compassionate release motions.

## III.  Compassionate Release

Goodwin contends that his health, alleged sentencing disparity, and rehabilitative efforts warrant a sentence reduction.   The Court generally may not modify a term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  However, an exception to this general rule exists when a defendant, after fully exhausting all administrative rights, brings a motion under § 3582(c)(1)(A) demonstrating that extraordinary and compelling circumstances

warrant a sentence reduction; that a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable; and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. § 3582(c)(1)(A) (amended 2018).

Prior to enactment of the First Step Act of 2018, only the BOP could request compassionate release on a defendant's behalf. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)). The procedure changed dramatically at the end of 2018. The First Step Act eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act or refused the relief requested by in incarcerated defendant. *Id.* As of this date, the Sentencing Commission has not finally adopted a policy statement that applies when a defendant (as opposed to the BOP) files a motion for compassionate release. *Id.* Accordingly, the Court only need to consider whether the defendant has identified extraordinary and compelling reasons for a sentence reduction and whether the § 3553(a) factors support granting the relief sought. *Id.*[1]

### a. Medical Conditions

The bulk of Goodwin's motion centers on his alleged poor health, consisting of post-traumatic stress disorder ("PTSD"), depression, asthma, high blood pressure, high cholesterol, sleep apnea, degenerative disc disease, chronic ischemic heart disease, and a 2021 heart attack. [Record No. 69, p. 3] However, he has failed to provide medical evidence proving asthma and

---

[1]   Goodwin provided evidence supporting a finding that he exhausted administrative remedies. [*See* Record No. 69-1, p. 19.]

degenerative disc disease and his remaining ailments—except sleep apnea—were noted in the Presentence Investigation Report or discussed during his sentencing hearing.[2]

It is well settled that "facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (citing *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021); *see also United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021)). And "courts have denied requests for compassionate release on the grounds of medical conditions where the defendant . . . has failed to provide medical records." *United States v. Gray*, No. 04-CR-00580, 2019 U.S. Dist. LEXIS 161315, at *5 (N.D. Ohio Sept. 20, 2019) (citing *United States v. Clark*, No. 13-cr-163, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019)). *See also United States v. Tomes*, 990 F.3d 500, 504-05 (6th Cir. 2021) (stating that the district court could have denied the defendant's motion for compassionate release for failing to "'provide any records in [his] motion to support that [he] has' chronic asthma" (quoting *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021))).

Goodwin's attorney made the following argument during the sentencing hearing:

As far [as] the history and characteristics of my client, as the Court can see from the presentence report, he doesn't have any criminal history; he's served honorably; he's a veteran. He does have some pretty significant medical issues, both physical and mental health issues.

Particularly physically, his heart, he's had a heart attack and some complications. And then as far as his mental health, I know that his post-traumatic stress and some other issues are pretty salient as far as his day-to-day life go[es].

---

[2]     Although "chronic ischemic heart disease" was not explicitly stated, the Court was fully aware of the defendant's heart issues, and Goodwin has not provided evidence that it "can only be corrected via open heart surgery, which is being denied." [Record No. 69, p. 3]

> I know that we've commiserated in my office about, for example, our respective deployments and so forth, and he's been very personal with me and sharing some things, and I just understand that his mental health issues are serious.
>
> The sentence needs to reflect the seriousness of this offense. We believe 135 months does. Of course, it has to promote respect for the law and provide just punishment.

[Record No. 62, p. 18-19.] The Presentence Investigation Report ("PSR") outlined Goodwin's health conditions, including "High Blood Pressure; High Cholesterol; and gastrointestinal issues. . . . The defendant also stated he had a heart attack in December 2021 and had two stints [sic] placed in his heart." [Record No. 48, p. 11.] The PSR further indicated that Goodwin was diagnosed with PTSD, Anxiety, and Depression in 2008. [*Id.*] Regardless, Goodwin's alleged medical conditions are not sufficiently debilitating or severe to constitute extraordinary and compelling reasons warranting a sentence reduction.

"[C]ompassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Courts generally require the defendant "to demonstrate that he is suffering from a terminal illness or some form of serious physical or mental illness or impairment, . . . which diminishes his ability to provide self-care in prison and from which there is no expectation of recovery." *United States v. Randolph*, No. 18-cr-340, 2022 U.S. Dist. LEXIS 47897, at *4 (W.D.N.C. Mar. 17, 2022). "Chronic conditions that can be managed while in prison are not a sufficient basis for compassionate release." *Id.* at *4-5. And "[c]ourts have held that minor health conditions, like asthma and elevated blood pressure, do not rise to the level of an extraordinary and compelling reason warranting release[.]" *United States v. Medley*, No. 18-cr-00379, 2020 U.S. Dist. LEXIS 219477, at *9 (W.D.N.C. Nov. 23, 2020).

- 5 -

**b. Alleged Sentencing Disparity**

Goodwin also contends that he has an "'extraordinary and compelling circumstance' in regard to the amount of time he was given based on his plea agreement," compared to other defendants.  [Record No. 69, p. 4.]  This assertion is "better suited for an analysis under the [18 U.S.C.] § 3553(a) factors."  *United States v. Braxton*, No. 94CR68, 2021 U.S. Dist. LEXIS 128756, *7-8 (N.D. Ohio July 12, 2021) (citing *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021)).  Section 3553(a)(6) requires that a court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  Goodwin nonetheless fails to show a sentencing disparity.

Goodwin references three cases where defendants pled guilty to sexual abuse of a ward or attempted sexual abuse of a ward.  But unlike Goodwin, none of the defendants pled guilty to deprivation of civil rights under color of law.  In *Gamez*, the defendant pled guilty to two counts of sexual abuse of a ward and one count of attempted sexual abuse of a ward, resulting in a total offense level of 15, and a guideline range of 18-24 months' imprisonment. Sentencing Memorandum at 3, *United States v. Gamez*, No. 18-cr-00100 (C.D. Cal. Jan. 7, 2019).  And in *McGaugh*, the defendant pled guilty to one count of sexual abuse of a ward. Judgment at 1, *United States v. McGaugh*, No. 17-cr-00105 (N.D. Tex. Nov. 14, 2017). Goodwin also references *Mendoza*, which involved "no allegations of force in the entire investigation," and the defendant also pled guilty to a single count of sexual abuse of a ward. Sentencing Memorandum at 1-3, *United States v. Mendoza*, No. 15-cr-01325 (D. Ariz. Mar. 14, 2017).

The undersigned thoroughly considered the issue of a potential sentencing disparity during Goodwin's sentencing hearing.  [Record No. 62, p. 26.]  "[T]he need to avoid

- 6 -

unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," was "discussed quite a bit." [*Id.*] Notably also, the defendant's non-binding sentencing guideline range was markedly higher than Goodwin's sentence. And "[a]s with the seriousness of the offense conduct, avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall v. United States*, 552 U.S. 38, 53 (2007). Goodwin has failed to demonstrate the existence of a sentencing disparity, and a motion for compassionate release "is not an open-ended invitation to simply relitigate and reweigh the § 3553(a) factors based on facts that existed at sentencing." *Hunter*, 12 F.4th at 569.

### c. Rehabilitation

Goodwin also claims that his efforts toward rehabilitation justify reducing his sentence. But that argument fails as well. The Sixth Circuit has repeatedly held that a defendant's post-conviction rehabilitation standing alone does not render him eligible for compassionate release. *See McCall*, 56 F.4th at 1061 ("[R]ehabilitation . . . cannot by itself justify a sentence reduction."); *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020); *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *4 (E.D. Ky. Dec. 29, 2020); U.S.S.G. § 1B1.13 cmt. n. 3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

Defendants should take advantage of BOP programming, not only for their own personal development while in custody, but also for an improved transition to the community upon release. *See McCall*, 56 F.4th at 1061 ("[The defendant] argues that our decision in *Havis*, his risk of contracting COVID-19, and his rehabilitative efforts supply 'extraordinary and compelling' reasons to reduce his sentence. We disagree."). Goodwin's rehabilitative efforts

considered alone or in conjunction with his other arguments do not establish an extraordinary and compelling reason to grant the relief sought.

### d. The 3553(a) Analysis

Where, as here, a defendant cannot show an extraordinary or compelling reason justifying a reduced sentence, the Court need not consider the sentencing factors set out in 18 U.S.C. § [3553(a)]." *United States v. Hill*, No. 15-CR-00135, 2023 U.S. Dist. LEXIS 21421, at *18 (E.D. Tex. Feb. 8, 2023). Nonetheless, these factors do not favor the defendant's position.

Goodwin was sentenced a little over a year ago and has served a fraction of his 135-term of imprisonment. *See United States v. Bailey*, No. 20-5951, 2021 U.S. App. LEXIS 24771, *5 (6th Cir. Aug. 17, 2021) ("[W]e held that it is permissible to consider **t**he length of time thus far served under several of the § 3553(a) factors."). His conduct involved repeatedly forcing oral and vagina intercourse on women under his custody, supervision, and disciplinary authority. As a prison official, he abused a position of trust and violated his victims' entitlement to be treated with dignity and respect during incarceration. The sentence imposed remains ***minimally*** sufficient to reflect the seriousness of the crime, promote respect for the law, provide just punishment, and promote general deterrence to those who might be inclined to commit similar crimes. In short, the § 3553(a) factors weigh heavily against granting the relief requested.

### IV.  Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Goodwin's motion [Record No. 69] is **DENIED**.

Dated: July 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky